HUNTER, JR., Robert N., Judge,
concurring in the result.
While I concur with the majority’s result, I am troubled that the majority only briefly references United States v. O’Brien, 391 U.S. 367 (1968) without applying all four prongs of the test announced in that case.
Under the First Amendment and the North Carolina Constitution, speech is given broad protections, save for certain exceptions. See United States v. Stevens, 559 U.S. 460, 468 (2010) (holding that “obscenity, defamation, fraud, incitement, and speech integral to criminal conduct” are exceptions that do not receive First Amendment protections (internal citations omitted)); Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 573 (2002) (“[A]s a general matter, the First Amendment means that government has no power to restrict expression *41 because of its message, its ideas, its subject matter, or its content.” (citation and quotation marks omitted)); Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 50, 54 (1988) (“At the heart of the First Amendment is the recognition of the fundamental importance of the free flow of ideas and opinions on matters of public interest and concern. ... Of course, this does not mean that any speech about a public figure is immune from sanction in the form of damages.”); R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 383-84 (1992) (holding that exceptions to the First Amendment include, but are not limited to, obscenity, threats, and communications that incite lawless action); see also N.C. Const, art. I, § 14.
Conduct, however, may be regulated, as “[i]t has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed.” Hest Technologies, Inc. v. State ex rel. Perdue, 366 N.C. 289, 296, 749 S.E.2d 429, 435 (2012), cert. denied, _ U.S. _, 134 S. Ct. 99 (2013) (quoting Ohralik v. Ohio State Bar Ass’n, 436 U.S. 447, 456 (1978)).
The majority opinion cites the O’Brien test, which recognized that in some cases there is not a clear distinction between speech and conduct. O’Brien concerned a man who intentionally and illegally burned his draft card, but did so as a form of protest against the draft. 391 U.S. at 369-70. The Court explained that “when ‘speech’ and ‘nonspeech’ elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms.” Id. at 376 (emphasis added). The United States Supreme Court then articulated a four-prong test to determine whether government regulation of a course of conduct involving speech is constitutional:
a government regulation is sufficiently justified if it is within the constitutional power of the Government; [2] if it furthers an important or substantial governmental interest; [3] if the governmental interest is unrelated to the suppression of free expression; and [4] if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.
Id. at 377.
Here, it is essential to explain why Donnelly’s actions should be considered conduct and not speech, thus bringing his actions under the O’Brien standard. This case provides a prime example of the gray area between speech and conduct and thus application of all four O’Brien *42 factors is appropriate. Although some of Donnelly’s individual actions, such as sending an e-mail or making a phone call may be classified as speech, Donnelly’s repeated calls, suggestive and inappropriate comments, and other actions combine to become harassing conduct. Taken together, Donnelly’s actions constitute a “course of conduct,” and O’Brien applies.
The power of UNC officials to regulate harassment on campus satisfies the first two prongs of the O’Brien test as it is (i) within the power and (ii) in the interest of UNC administrators to provide a safe environment for students. While UNC is preventing Donnelly from engaging in his free speech rights at future UNC athletic events, record evidence shows that (iii) UNC is seeking to protect its students and employees from his harassing and inappropriate behavior instead of intending to quash Donnelly’s right to speak freely. Under the fourth and final prong, (iv) the restriction placed on Donnelly is not greater than is essential to promote UNO’s legitimate interest. The University previously disciplined Donnelly to a lesser extent and notified him of the inappropriateness of his behavior, but these measures failed to stop Defendant’s harassing behavior. For these reasons, the actions of UNC administrators against Donnelly satisfy all four criteria of the O’Brien test and Donnelly’s behavior is not protected by the First Amendment.